DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:13-cv-322-FDW

| | |
|---|---|
| MARCUS ANTOINE WILSON, | ) |
| Plaintiff, | ) |
| vs. | ) **ORDER** |
| SUSAN WHITE, | ) |
| Defendant. | ) |

**THIS MATTER** comes before the Court on initial review of Plaintiff's pro se Complaint, filed pursuant to 42 U.S.C. § 1983, (Doc. No. 1), Plaintiff's Motion for Temporary Restraining Order, (Doc. No. 6), Plaintiff's Motion for Evidentiary Hearing, (Doc. No. 14), Plaintiff's Motion for Leave to Take Deposition, (Doc. No. 16), Plaintiff's Motion to Appoint Counsel, (Doc. No. 17), and Plaintiff's Motion Requesting Jury Trial, (Doc. No. 18).

**I.     BACKGROUND**

Pro se Plaintiff Marcus Wilson is a state court inmate currently incarcerated at Mountain View Correctional Institution ("Mountain View") in Spruce Pine, North Carolina. On November 15, 2013, Plaintiff filed the instant Complaint in the Eastern District of North Carolina pursuant to 42 U.S.C. § 1983. On December 12, 2013, that court transferred the matter to this district. See (Doc. No. 8). Plaintiff has named as the sole Defendant Susan White, who at all relevant times was the superintendent of Mountain View.[1] Plaintiff appears to be attempting to bring a

---

[1] Plaintiff did not file his Complaint on a standard form for actions brought pursuant to 42 U.S.C. § 1983. Rather, the Complaint has been filed in letter form. Plaintiff makes clear, however, in the Complaint and additional pleadings that he is naming Susan White as the Defendant in this action. See (Doc. No. 1 at 1 ("[T]his action is against Superintendent Ms.

1

claim against Defendant White under the Eighth Amendment for deliberate indifference to a serious medical need.  See (Doc. No. 1 at 2; 4).  Specifically, Plaintiff alleges that he suffers from, among other medical conditions, cellulitis in his left leg and Crohn's disease.  (Id. at 4).  Plaintiff alleges that he is not receiving proper medical treatment for his conditions from the medical staff at Mountain View, but that Defendant White has refused to comply with Plaintiff's request to be transferred to a medical camp with an infirmary that can properly treat Plaintiff for his medical conditions.  See (Id. at 6).  Plaintiff seeks, among other things, compensatory damages as well as an order from the Court requiring him to be transferred away from Mountain View.  (Id. at 4; 8).

## II. STANDARD OF REVIEW

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his administrative remedies before filing a section 1983 action.  42 U.S.C. § 1997e(a).  The PLRA provides, in pertinent part: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  Id. In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life.  The Court ruled that "exhaustion in cases covered by § 1997e(a) is now mandatory."  Id. at 524 (citation omitted).  The Porter Court stressed that under the PLRA, exhaustion must take place before the commencement of the civil action in order to further the efficient administration of justice.  Id.

In Woodford v. Ngo, 548 U.S. 81 (2006), the Supreme Court held that the PLRA

---

Susan White."); Doc. No. 1 at 6 ("I'm asking, requesting, for a federal lawsuit against superintendent Ms. Susan White.")).

exhaustion requirement requires "proper" exhaustion: "Administrative law . . . requir[es] proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" Id. at 90 (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)). In Jones v. Bock, 549 U.S. 199 (2007), the Supreme Court stated: "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Id. at 211 (citing Porter, 534 U.S. at 524).

The Fourth Circuit has determined that the PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. Anderson v. XYZ Correctional Health Servs., 407 F.3d 674 (4th Cir. 2005). Failure to exhaust administrative remedies is an affirmative defense. "The Court is not precluded, however, from considering at the outset whether an inmate has exhausted administrative remedies." Green v. Rubenstein, 644 F. Supp. 2d 723, 742 (S.D. W. Va. 2009). The Fourth Circuit stated in Anderson, 407 F.3d at 683, as follows:

> [A]n inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

### III. DISCUSSION

Plaintiff's claim against Defendant White must be dismissed for failure to exhaust administrative remedies. Although Plaintiff has attached several grievance to his pleadings, he has not shown that he filed any grievances as to his claim against Defendant White. In his Prisoner Administrative Remedy Statement, Plaintiff states that he has "mailed the grievances to

3

Director of Prison George Solomon—emergency grievance." (Doc. No. 11 at 1). He also attached a grievance dated November 7, 2013, eight days before he filed the Complaint in this action, in which he complains that the medical staff was not treating him in accordance with orders from Dr. Kalinski at Alexander Correctional Institution and that he seeks a transfer "to a medical camp with infirmary medium custody and for me to get proper professional knowledgeable care medically." (Id. at 2). Plaintiff does not mention Defendant White, however, in the grievance. Furthermore, Plaintiff has not shown that he went through all steps of the grievance process at Mountain View with regard to this grievance. Indeed, to the contrary, he states that he merely mailed this grievance to "Director of Prison George Solomon." In sum, Plaintiff's own statements show that he has failed to exhaust his administrative remedies with regard to the claim brought here. Thus, this action will be dismissed without prejudice for failure to exhaust administrative remedies.

IV. **CONCLUSION**

Plaintiff's Complaint will be dismissed without prejudice for failure to exhaust administrative remedies.

**IT IS THEREFORE ORDERED** that:

(1) Plaintiff's Motion for Temporary Restraining Order, (Doc. No. 6), Plaintiff's Motion for Evidentiary Hearing, (Doc. No. 14), Plaintiff's Motion for Leave to Take Deposition, (Doc. No. 16), Plaintiff's Motion to Appoint Counsel, (Doc. No. 17), and Plaintiff's Motion Requesting Jury Trial, (Doc. No. 18), are all **DENIED** as moot.

(2) Plaintiff's action is **DISMISSED** without prejudice for failure to exhaust administrative remedies.

4

(3) The Clerk of Court is directed to close this case.

Signed: January 24, 2014

Frank D. Whitney
Chief United States District Judge