# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## 1:13-cv-322-FDW

| | |
|---|---|
| MARCUS ANTOINE WILSON, | ) |
|        Plaintiff, | ) |
| vs. | ) |
| | )    **ORDER** |
| SUSAN WHITE, | ) |
|        Defendant. | ) |

**THIS MATTER** comes before the Court on a Motion for Reconsideration by pro se Plaintiff Marcus Antoine Wilson, (Doc. No. 25), on Plaintiff's Motion to Appoint Counsel, (Doc. No. 22), on Plaintiff's Motion for Medical Authorization, (Doc. No. 23), and on Plaintiff's Motion for Evidentiary Hearing, (Doc. No. 24).

On November 15, 2013, Plaintiff, a North Carolina state court inmate incarcerated at Mountain View Correctional Institution, filed the underlying lawsuit pursuant to 42 U.S.C. § 1983, in which he named as the sole Defendant Mountain View Superintendent Susan White. Plaintiff alleged a claim against Defendant White for deliberate indifference to serious medical needs in violation of the Eighth Amendment. In an Order dated January 24, 2014, this Court dismissed Plaintiff's claim without prejudice for failure to exhaust administrative remedies. (Doc. Nos. 20; 21).

On March 6, 2013, Plaintiff filed the pending motion for reconsideration, which is in the nature of a motion to alter or amend the prior judgment of the Court under Rule 59(e) of the

1

Federal Rules of Civil Procedure. With regard to motions to alter or amend a judgment under Rule 59(e), the United States Court of Appeals for the Fourth Circuit has stated:

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)).

Plaintiff has not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted. That is, Plaintiff's motion does not present evidence that was unavailable when he filed his Complaint, nor does his motion stem from an intervening change in the applicable law. Furthermore, Plaintiff has not shown that a clear error of law has been made, or that failure to grant the motion would result in manifest injustice to him. See Hill, 277 F.3d at 708. That is, Plaintiff has not shown in his motion for reconsideration that he exhausted his administrative remedies before bringing this suit. In sum, the Court will deny Plaintiff's motion for reconsideration.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Reconsideration, (Doc. No. 25), is **DENIED**. Furthermore, Plaintiff's Motion to Appoint Counsel (Doc. No. 22), his

Motion for Medical Authorization, (Doc. No. 23), and his Motion for Evidentiary Hearing, (Doc. No. 24), are **DENIED** as moot.

Signed: March 26, 2014

Frank D. Whitney
Chief United States District Judge